3UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LAMAR JACKSON, an Individual,                           CASE NO:

      Plaintiff,

vs.

AMAZON.COM, INC.
AND AMAZON.COM SERVICES, INC.

      Defendants.
_____/

### PLAINTIFF, LAMAR JACKSON'S COMPLAINT

Plaintiff, Lamar Jackson, an individual, ("Jackson" or "Plaintiff"), by counsel, hereby brings this Complaint for Infringement of His Right to Publicity, and other causes of action, against Amazon.com, Inc., ("Amazon") and Amazon.com Services, Inc. ("Services"), (collectively known as "Defendants") and states as follows:

### NATURE OF THE ACTION

1.    This is a civil action by Plaintiff Jackson for: (I) unauthorized violations of Jackson's right of publicity under Florida Statute 540.08, *et seq.*; (ii) false advertising and endorsement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) deceptive and unfair trade practices under Fla. Stat.§ 501. 201, *et.seq.*; and (iv) violations of Jackson's common law right of publicity. These causes of action arise from Defendants' deliberate and unauthorized use of Jackson's name, nicknames, image and persona in connection with the false advertising and endorsement of unlicensed and infringing articles

**RITTER CHUSID, LLP, ATTORNEYS AT LAW**
HERON BAY CORPORATE CENTER • 5850 CORAL RIDGE DRIVE, SUITE 201 • CORAL SPRINGS, FLORIDA 33076 • 954-340-2200 • FAX 954-340-2210

1

of clothing using the names and slogans the public readily associates with Jackson including: "Lamarvelous," "Action Jackson" and "Not Bad for a Running Back," (the "Infringing Items"). The Infringing Items are being directly advertised, marketed, promoted and sold by Defendants through false and misleading advertising, by means of their unauthorized use of Jackson's first and surnames, slogans, nicknames, likeness and image, to market and advertise the items as if Jackson endorses and/or is the source of origin and designation of the Infringing Items. Defendants deliberately attempt to confuse and deceive the public that the Infringing Items are affiliated or approved as part of Jackson's brand to commercially exploit Jackson's celebrity and notoriety for significant profit, when, in fact, they have no consent or license by Jackson or the National Football League (the "NFL") to use Jackson's publicity rights.

2.      Although Defendants have received continuous and significant negative publicity for their facilitation of widespread infringement of intellectual property rights held by third parties in the Amazon Marketplace, the sales at issue in this matter, the Infringing Items, are not merely third party sales that are facilitated by Amazon in the Amazon Marketplace, rather the sales at issue are infringing items of clothing which Defendants themselves falsely promote and advertise and expressly designate as "ships from and sold by Amazon.com." Despite Jackson's and other brand owners' extensive lobbying to Defendants to respect and protect their intellectual property rights, including the notoriety and reputation of their brands, Defendants have not only refused to take reasonable steps to police intellectual property infringement, through their deceptive and misleading advertising , Defendants themselves are pirating Jackson's right to publicity, by failing to source their "ships from and sold by Amazon.com" items only from those authorized

**RITTER CHUSID, LLP, ATTORNEYS AT LAW**
HERON BAY CORPORATE CENTER • 5850 CORAL RIDGE DRIVE, SUITE 201 • CORAL SPRINGS, FLORIDA 33076 • 954-340-2200 • FAX 954-340-2210

2

manufacturers, wholesalers and retailers who have obtained licenses, consent, or permission from Jackson or the NFL to manufacture, advertise and sell these products.

3. In spite of their deceptive perception, Defendants are not connected to or affiliated with Jackson in any way, nor do they have permission from Jackson or the NFL to use Jackson's image, slogans, or likeness. In fact, Defendants are blatantly exploiting Jackson's fame for their own commercial gain, intending to confuse and deceive the public by creating a false designation and connection to Jackson to sell their goods by, among other things, referencing his famous uniform number 8, his athletic ability as Baltimore's quarterback, Action Jackson and Not Bad for a Running Back, all of which are elements and slogans from his persona as a dual-threat quarterback, when no such relationship exist.

4. At no time did Jackson or the NFL license or grant permission to Defendants to use his name, likeliness, persona, or fame to advertise, promote and sell the Infringing Products. In fact, Jackson has requested that Defendants, through their own self-imposed policies and procedures, remove and stop selling the Infringing Items being promoted and sold directly on the Amazon Marketplace. However, in spite of Plaintiff's request, and knowledge of the false designation of origin of the Infringing Items, Defendants refuse to do so and continue with their deceptive and misleading promotion and advertisement for profit from sale of these items.

5. As a result of Defendants' false advertising, false designation of origin, and infringing activity, Plaintiff seeks permanent injunctive relief preventing Defendants from their false advertising and sales of the Infringing Items ,recovery of actual damages, disgorgement o f Defendants' profits, statutory damages, punitive damages, treble damages under 15 U.S.C.§ 1117 (b), attorney's fees and costs under Florida Statute § 540.08, *et.seq*

**RITTER CHUSID, LLP, ATTORNEYS AT LAW**
HERON BAY CORPORATE CENTER • 5850 CORAL RIDGE DRIVE, SUITE 201 • CORAL SPRINGS, FLORIDA 33076 • 954-340-2200 • FAX 954-340-2210

3

.and Fla.Stat.§ 501.201, *et. seq,* together with such other and further relief as the Court deems just and proper.

## THE PARTIES

6. Plaintiff Jackson is a resident of the State of Florida residing in Broward County, Florida.

7. Defendant Amazon is a corporation existing under the laws of Delaware with its principle place of business at 410 Terry Avenue North, Seattle, Washington 98109.

8. Defendant Services is a corporation existing under the laws of Washington with its principle place of business in Seattle, Washington.

## JURISDICTION AND VENUE

9. This action arises out of Defendants' false advertising, endorsement and designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C §1125(a) *et.seq.*, and thus this Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331 and 15. U.S.C. § 1121. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because these claims form part of the same case or controversy.

10. This Court has personal jurisdiction over Defendants because they advertise, market, distribute and/or sell the Infringing Items and other products throughout the United States on the Amazon Marketplace, including to customers within this judicial district.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants conduct, transact, and /or solicit business in this judicial district, such that their contacts with this district subject them to personal jurisdiction with respect to this action and, upon information and belief, a substantial part of the events or omissions giving rise to

Jackson's claims, specifically Defendants' false advertising and infringements on Jackson's right to publicity, have occurred, and continue to occur in this judicial district, causing damage to Jackson in this judicial district in which Jackson also resides.

## BACKGOUND

### Jackson's Publicity Rights

12.     Based upon his unparalleled work ethic and unique football talents, Jackson's persona, including his name, image, and likeness have become synonymous with excellence and are invested with substantial goodwill in the eyes of the public. Accordingly, Jackson has an extremely valuable right to publicity, a right to substantial commercial value, which he has not agreed to license or transfer to Defendants for any purposes whatsoever. Jackson has developed and cultivated his name, identity, and persona to create celebrity and universal recognition. Jackson has become a world-renowned superstar as quarterback uniform number 8 of the Baltimore Ravens in the NFL. He is widely accepted and known as one of the best dual-threat quarterbacks ever to play in the NFL setting records in 2019 for the most rushing yards by a quarterback and at the same time leading the NFL with 36 touchdown passes. Jackson has the unmatched ability to "run like a running back" and at the same time throw touchdown passes with the accuracy and acumen of the elite quarterbacks in the NFL. Jackson's unique skill set is universally recognized and has changed the quarterback position at every level of the game. Throughout his stellar football career, Jackson has accumulated numerous awards and accolades as one of the most dominant and athletic quarterbacks in College Football and now in the NFL including: (a) his current reign as the 2019 Most Valuable Player in the NFL; (b) former winner of the Heisman Trophy in 2016 while attending the University of Louisville; (c)winner of the Maxwell and Walter Camp Awards

RITTER CHUSID, LLP, ATTORNEYS AT LAW
HERON BAY CORPORATE CENTER • 5850 CORAL RIDGE DRIVE, SUITE 201 • CORAL SPRINGS, FLORIDA 33076 • 954-340-2200 • FAX 954-340-2210

5

in 2016; and (d) selection as a unanimous All-American as a sophomore at University of Louisville in 2016. Jackson's name, image, and likeliness have made him one of the young superstars being promoted as one of the true faces of the NFL. Jackson's notoriety and stardom are undeniable and his brand and right to publicity is "off the charts" having significant and rising commercial value. As a result of Jackson's athletic ability and humble demeanor, he has earned household name recognition as a bona fide NFL Superstar and the best all around athlete in the NFL.

13.     Jackson has protected his exclusive and innovative brand and his right to publicity as an NFL Superstar by creating and selling his own line of clothing based upon his name, nicknames, slogans and publicity rights that are associated with his brand. Defendants have engaged in false advertising and designation of origin and unfair trade competition by their deceptive and misleading promotion and sale of the Infringing Items which commercially exploit and infringe upon Jackson's publicity rights proximately resulting in significant damage to Jackson and his clothing line business.

### Amazon's Business Model and Infringing Conduct

14.     Upon information and believe, Amazon is the world's largest internet-based retailer by total sales and market capitalization, with revenues of $232.9 billion in 2018. Through the Amazon Marketplace, Defendants sell products worldwide, including in all 50 states. Defendants offer more than 350 million products to consumers, of which Amazon directly sells in excess of 12 million products.

15.     Amazon offers a marketplace platform for over two million manufacturers, wholesalers and retailers, as well as other third party sellers worldwide to import, export, advertise, distribute, offer for sale, sell, and ship their wholesale and retail products. In more

than 100 countries, Amazon also offers third party sellers its "Fulfillment by Amazon" service, which allows third party sellers to store their products in fulfillment centers for shipment to Amazon customers.

16. Amazon also develops, advertises, distributes, offers for sale, sells and ships products, such as the Infringing Items, designated in their product listing as "ships from and sold by Amazon.com." These "ships from and sold by Amazon.com" products are listed by Amazon on a product detail page, where a customers may find out information about the products offered for sale on the Amazon Marketplace. The product detail page includes, among other things, an image of the product, a price, promotion information and details, a description of the product, customer reviews, ordering options and a designation of the individual or company selling and shipping the product (which, in the case of "ships from and sold by Amazon.com" is Amazon.)

17. Amazon continues its false advertising and false endorsement campaign through deceptive advertising which intentionally misleads the public to believing that the Infringing Items are endorsed by Jackson by commercially exploiting Jackson's names, nicknames, slogans, persona, likeness and image to sell and promote the items. Amazon specifically designates the Infringing Items as " ships from and sold by Amazon.com". In fact, Amazon offers at least the following Infringing Items on its website:

   a. "LAMARVELOUS Vintage Baltimore Football QB Jackson MVP T-Shirt," product # 11130 in Girls' Novelty T-Shirts, product # 22732 in Women's Novelty T-Shirts and product # 10455 in Boys' Novelty T-Shirts. The product description indicates, "LAMARVELOUS Baltimore Maryland QB # 8 Action Jackson Football Fans Vintage Design, The dynamic QB and future MVP is

**RITTER CHUSID, LLP, ATTORNEYS AT LAW**
HERON BAY CORPORATE CENTER • 5850 CORAL RIDGE DRIVE, SUITE 201 • CORAL SPRINGS, FLORIDA 33076 • 954-340-2200 • FAX 954-340-2210

7

        in his own class of marvelous. Perfect for the next football game tailgate in Baltimore!...."

b.   "Action JACKSON Baltimore Maryland QB # 8 Action Jackson Football Fans T-Shirt," product # 27569 in Girls' Novelty T-Shirts, product # 54794 in Women's Novelty T-Shirts and product # 25810. in Boys' Novelty T-Shirts. The product description indicates, "Baltimore Maryland QB # 8 Action Jackson Football Fans Design. Perfect for the next tailgate in Baltimore!..."

c.   "ACTION JACKSON Football QB # 8 Fan Baltimore Maryland Action Jackson Pullover Hoodie," product # 33557 in Men's Novelty Hoodies and product # 20648 in Women's Novelty Hoodies. The product description indicates, "For the Men, Women and Kids who love action Jackson-..."

d.   'NOT BAD FOR A RUNNING BACK—Not Bad for a Running Back Sarcastic Baltimore Jackson Pullover Hoodie," product # 10540 in Men's Novelty Hoodies and product # 6287 in Women's Novelty Hoodies. The product description indicates, "Not Bad for a Running Back Baltimore Maryland QB # 8 Jackson Football Fans Sarcastic Design. The dynamic QB and ultimate cheat code is in his own class of football...perfect for Baltimore football fans that bleed purple & black.Many criticized Jackson but 8 is proving the doubters wrong...."

e.   'NOT BAD FOR A RUNNING BACK—Not Bad for a Running Back Premium T-Shirt," product # 172680 in Men's Novelty T-Shirts, product # 508362 in Men's Shop and product # 130919 in Women's Novelty T-Shirts.

The product description indicates, "Support your favorite team and favorite player with this Not Bad For A Running Back Item. Show anyone who doubts your abilities that they are wrong...Click on Baltimore Stand Up for more colors and options..."

18. Screenshots of the product detail pages through which Defendants falsely advertise and sell the Infringing Items are attached as Composite Exhibit "A" and are incorporated by reference herein.

19. The Infringing Items have various characteristics which are deceptively misleading and confusing to the public as to their origin as they are advertised, promoted and sold by Defendants referencing and taking full advantage of Jackson's notoriety and publicity by giving the false appearance that they are somehow associated with, endorsed by or originating from Jackson as they contain, reference and promote the items with direct and indirect reference to Jackson's persona, number 8, name, image and likeness, including his name "Jackson", his nicknames "Action Jackson" and "Lamarvelous" and his slogan and dual-threat persona, "Not Bad For A Running Back.."

20. Defendants' sale of the Infringing Items has caused and continues to cause significant damage to Plaintiff. For example, sales of the Infringing Items have resulted in decreased sales of similar items by Jackson on his own on-line store, allowed Defendants to pirate Jackson's brand and use his name, likeness, image and persona for commercial gain without permission, consent or a license to do so by Jackson or the NFL and without compensating Jackson for the right to advertise, promote and sell the Infringing Items taking full advantage of Jackson's stardom and notoriety.

21. As a result of Defendants' unlawful infringing activities, Jackson has suffered irreparable harm, and unless this Court enjoins Defendants from their false advertising campaign and infringement on Jackson's publicity rights, will continue to suffer irreparable harm for which there is no adequate remedy at law.

## COUNT I- VIOLATION OF RIGHT TO PUBLICITY UNDER FLA.STAT § 540.08 BY ALL DEFENDANTS

22. Plaintiff repeats and incorporates paragraphs 1 through 21 as if set forth at length herein.

23. Defendants, without the express written or oral consent by the NFL, Jackson, his agents or representatives, publicly used and continue to use for commercial and advertising purposes Jackson's name, likeness, slogans, and image to sell the Infringing Items on their website, the Amazon Marketplace.

24. Defendants wrongful acts as alleged herein constitute a violation of Fla. Stat. §540.08 because Defendants are using and commercially exploiting Plaintiff's right to publicity, including his names, nicknames, slogan, image, identity, and persona, without permission to promote, advertise, sell, and ship the Infringing Items.

25. Defendants have earned substantial revenue through their sales of the Infringing Items due to their unauthorized and unlawful deceptive advertising and infringement of Plaintiff's right to publicity.

26. Plaintiff will need an accounting of all sales by Defendants of the Infringing Items as their offending and infringing conduct has harmed Plaintiff and his on-line business in an amount that will be determined based upon the results of the accounting.

27.     As Plaintiff has repeatedly requested that Defendants remove and stop advertising, promoting and selling the Infringing Items from their website, the Amazon Marketplace, and Defendants have refused to do so, Defendants have acted willfully, maliciously, and oppressively, and with the full knowledge of their adverse effect on Plaintiff with willful and deliberate disregard for the consequences to Plaintiff. By this reason, Plaintiff is entitled to recover punitive and exemplary damages from Defendants to be determined at the time of trial.

### COUNT II-VIOLATION OF SECTION 43(a) OF THE LANHAM ACT- FALSE ADVERTISING AND ENDORSEMENT BY ALL DEFENDANTS

28.     Plaintiff repeats and incorporates paragraphs 1 through 27 as if set forth at length herein.

29.     Defendants unauthorized use of Jackson's publicity rights, including his nicknames, slogans, and persona for the advertisement, promotion and sales of the Infringing Items on their website are based upon false and misleading representations or misleading representations of fact that deceive the public and customers to believe that Jackson has approved or endorsed Defendants' goods and services, including the Infringing Items.

30.     Defendants unauthorized use of "Action Jackson, Quarterback #8, Baltimore Quarterback # 8, "Not Bad for A Running Back" and "LaMarvelous" in connection with the description, advertisement and promotion of sales of the Infringing Items, as well other direct and indirect references to Jackson in the product description, are false or misleading representations of fact that deceptively and falsely imply a connection with and Jackson's endorsement of Defendants' goods and services, including the Infringing Items.

31. Defendants' unauthorized use of Jackson's identity, names, and likeness in their description of the Infringing Items;(a) are likely to cause confusion, mistake or deception as to the connection or association of Defendants with Jackson as to the origin, sponsorship or approval of the Infringing Items by Jackson in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); or (b) misrepresent the nature, characteristics, or qualities of Defendants' goods, services, or commercial activities in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

32. As a direct and proximate result of the aforementioned acts by Defendants, Jackson has been damaged and will be damaged, in an amount subject to discovery by an accounting of Defendants sales of the Infringing Items and proof. Plaintiff also seeks a preliminary and permanent injunction to prohibit Defendants from any further violation of Plaintiff's privacy rights through false and misleading advertising and endorsement.

## COUNT III- VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICE ACT

33. Plaintiff repeats and incorporates paragraphs 1 through 27 as if set forth at length herein.

34. Defendants acts constitute unfair methods of competition and unfair and deceptive acts or practices in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201. in that Defendants false advertising and false endorsement in connection with the advertising, promotion and sale of the Infringing Items is part of Defendants' scheme to commercially exploit Jackson's notoriety and stardom for substantial gain without compensating him for this unauthorized use of his right to publicity.

35. Defendants' conduct in violation of the Florida Deceptive and Unfair

Trade Practices Act was willful and outrageous, perpetrated by evil motive with reckless indifference to the rights of others.

36.. As a direct and proximate result of the aforementioned acts by Defendants, Jackson has been damaged and will be damaged, in an amount subject to discovery by an accounting of Defendants sales of the Infringing Items and proof.

37. As Plaintiff has repeatedly requested that Defendants remove the false and misleading references to Jackson from their website and stop selling the Infringing Items on their website, the Amazon Marketplace, and Defendants have refused to do so, Defendants have acted willfully, maliciously, and oppressively, and with the full knowledge of their adverse effect on Plaintiff with willful and deliberate disregard for the consequences to Plaintiff. By ths reason, Plaintiff is entitled to recover punitive and exemplary damages from Defendants to be determined at the time of trial.

## COUNT IV- VIOLATION OF COMMON LAW RIGHT TO PUBLICITY AGAINST ALL DEFENDANTS

38. Plaintiff repeats and incorporates paragraphs 1 through 27 as if set forth at length herein.

39. Defendants, without the express written or oral consent by the NFL, Jackson, his agents or representatives, publicly used for commercial and advertising purposes Jackson's name, likeness, slogans, and image to advertise, promote and sell the Infringing Items on their website, the Amazon Marketplace.

40. Defendants wrongful acts as alleged herein and above constitute a violation of Jackson's common law right to publicity because Defendants are commercially exploiting and using Jackson's right to publicity, including his names, nicknames, slogan, image,

identity, and persona, without permission to promote, advertise, sell, and ship the Infringing Items.

41. The misappropriation of Jackson's publicity rights was done specifically for commercial exploitation and gain by the Defendants in that Jackson's names, likeness, image, identity, and persona were used and intended to create and enhance Defendants' pecuniary gain and profit.

42. Plaintiff will need an accounting of all sales by Defendants of the Infringing Items as their offending conduct has harmed Plaintiff and his on-line business in an amount that needs to be determined based upon the results of the accounting.

43. As Plaintiff has repeatedly requested that Defendants remove from and stop selling the Infringing Items on their website, the Amazon Marketplace, and Defendants have refused to do so, Defendants have acted willfully, maliciously, and oppressively, and with the full knowledge of their adverse effect on Plaintiff with willful and deliberate disregard for the consequences to Plaintiff. By reason, Plaintiff is entitled to recover punitive and exemplary damages from Defendants to be determined at the time of trial.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants, and award the following relief:

A. Requiring that Defendants provide an accounting of all sales by Defendants of the Infringing Items as their offending conduct has harmed Plaintiff and his on-line business in an amount that needs to be determined.

B. Entering a preliminary and permanent injunction requiring Defendants to refrain from any use of Jackson's identity and publicity rights without prior authorization

from Jackson on Defendants' website.

C. Entering relief to in Jackson's favor for damages sustained by Jackson, including compensatory, actual and treble damages and attorneys' fees and costs pursuant to 15 U.S. § 1117.

D. Awarding punitive and exemplary damages from Defendants to be determined at trial.

E. Awarding such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Lamar Jackson hereby demands trial by jury of all issues that are so triable as a matter or right.

Dated: March 25, 2020.

        RITTER CHUSID, LLP
        Attorneys for Plaintiff, Lamar Jackson
        5850 Coral Ridge Drive, Suite 201
        Coral Springs, Florida 33076
        Telephone:   (954) 340-2200
        Facsimile:   (954) 340-2210

By:   */s/Mitchel Chusid*
        Mitchel Chusid, Esq.
        Florida Bar No.: 879282
        mchusid@ritterchusid.com
        Jordan R. Chusid, Esq.
        Florida Bar No.: 124638
        jchusid@ritterchusid.com